IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MICHAEL PELLIS ARCHITECTURE PLC<br>a Virginia professional limited liability company,<br>    Plaintiff,<br><br>v.<br><br>M.L. BELL CONSTRUCTION LLC and<br>Serve: James D. Kepley Jr.,<br>      Registered Agent<br>    2211 Pump Road<br>    Henrico, Virginia 23233<br><br>and Michael F. Bell<br>    11029 Richardson Road<br>    Ashland, Virginia 23005<br>    Defendants | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No.: 3:22CV470<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiff, Michael Pellis Architecture PLC ("Plaintiff" or "Pellis") brings this case against defendants M.L. Bell Construction LLC and Michael F. Bell ("Defendants"). Plaintiff states as follows:

### Nature of the Action

1. This is an action for copyright infringement, trespass to chattels, and for injunctive relief.

### Parties

2. Michael Pellis Architecture PLC ("Pellis") is a Virginia professional limited liability company with its principal office in Richmond, Virginia. Its owner and principal is Michael Pellis ("Mr. Pellis"), an individual resident of Virginia.

3. Defendant M.L. Bell Construction LLC ("ML Bell") is a Virginia limited liability company with an address of 11029 Richardson Road, Ashland, Virginia 23005.

4. Defendant Michael F. Bell ("Mr. Bell") is an individual resident of Virginia and of this district.

## Jurisdiction and Venue

5. This Court has subject matter jurisdiction over Plaintiff's copyright claims pursuant to 17 U.S.C. § 501 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has supplemental jurisdiction over Michael Pellis Architecture PLC's pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claim is integrally interrelated with the federal claims and arise from a common nucleus of operative facts, such that the administration of the state law claims with the federal claims furthers the interest of judicial economy.

7. This Court has personal jurisdiction over Defendants because the Defendant ML Bell is a business entity formed in Virginia with its principal place of business in Virginia and in this district, and Defendant Mr. Bell is a resident of Virginia and this district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district.

## Facts

9. In early 2022, Pellis' client, a Richmond-based brewery, engaged Pellis to create a set of architectural drawings in order to obtain a permit for a new brewery location and tasting room in Williamsburg, Virginia (the "Brewery Project"). In consultation with its client, Pellis designed and authored plans for a tasting room, indoor and outdoor seating areas, bar area, walk-in cooler, brewing and production space, merchandise display areas, and new bathrooms.

10. As agreed, Pellis created the architectural drawings and plans for the Brewery Project (the "Plans") and delivered them to Pellis' brewery client, the project's owner

("Owner").  Pellis created and delivered the Plans to the Owner subject to these written and agreed terms governing the rights and ownership of the Plans.

> License for use of all drawings and specifications created by Architect [defined as Michael Pellis Architecture, PLC] and for use of Architect's contributions to drawings or specifications created by others (collectively the Works) is subject to payment in full to Architect of all amounts in the relevant SSF [Scope, Schedule, and Fee Document(s)] and any applicable change order. License for use of all such drawings and specifications is limited to the Project. Ownership of copyright in all Works remains the property of Architect. The Architect shall, upon completion of the work and payment in full to Architect, furnish the Owner with record drawings of the Project. The license granted by Architect in the drawings and specifications and any SSF does not extend to any project other than the Project, or to any owner or contributor other than the Owner.

11.     Between March 12, 2002 and April 5, 2022, Pellis created and delivered to the Owner several iterations of the Plans, including a full set of Plans dated March 16, and culminating with the final permit set, which Pellis sent to his client on April 5.  The April 5, 2022 version of the Plans should have been filed with the City of Williamsburg building permit office by or on behalf of the Owner of the Brewery Project.

12.     Unknown to Pellis and without his involvement, permission, or review, the Defendants had already prepared and caused to be filed with the City of Williamsburg a set of plans for the Brewery Project that was an altered version (the "Unauthorized Plans") based on illegal copies of Pellis' Plans dated March 16.  The Defendants prepared the Unauthorized plans by duplicating Pellis' copyright-protected Plans without license and making changes to the infringing copies under Pellis' falsified signature and illegally duplicated seal.  The Defendants filed the Unauthorized Plans with the City of Williamsburg.

13.     The changes made by the Defendants to the Unauthorized Plans included:

  a. On the cover sheet, changing the Pellis title block to read "Cover Sheet" instead of "Cover Sheet & Code Data" as Pellis had it on his Plans

    b. On the cover sheet, adding "Plumbing Plan" and "Electrical Plan" to the Index of Drawings to indicate the Defendants' addition of these two sets of unauthorized plans to the filing set

    c. Adding incorrect Use Group classifications on the cover sheet

    d. Entering contact information on the cover sheet for themselves, and incorrect contact information on the cover sheet for Pellis

    e. Adding a copy of Pellis' Plans that included Pellis' title block and contact information, was re-labeled as "Proposed Sanitary and Water Plan," and included input by the Defendants or their subcontractors with such elements as "Plumbing Fixture Schedule," "Sanitary, Waste & Vent Riser Diagram," and "Floor Sanitary Cleanout Detail"

    f. Adding a copy of Pellis' Plans that included Pellis' title block and contact information, was re-labeled as "Electrical Plan" and "Proposed Lighting Plan," and included input by the Defendants or their subcontractors with such elements as "Fixture Legend" and a numbered list of "Electrical Scope"

14. The plan review office contacted Pellis on May 16, 2022, with questions about the plans then on file with that office for the Brewery Project. The city's plan reviewer referenced a set of plans filed on March 16, 2022 for the Brewery Project and asked Mr. Pellis about an incorrect building use classification in that set of plans. Pellis did not authorized nor was he consulted about filing any set of plans for the Brewery Project on March 16, 2022.

15. Upon review, Mr. Pellis realized that he had never seen the March 16 plans as filed with the City of Williamsburg by the Defendants (the Unauthorized Plans) before. The Unauthorized Plans were not authored, authorized, reviewed, licensed, or submitted by Mr. Pellis

or anyone associated with Pellis.  Nevertheless, these Unauthorized Plans were submitted with Mr. Pellis' name, the Pellis firm name and incorrect contact information for the Pellis firm, Mr. Pellis' signature, an image of the seal of the Pellis firm, its professional license number, and its title block and logo on each page of the Unauthorized Plans.

16. These Unauthorized Plans are illegal copies of Pellis' Plans, which copies were created and altered by the Defendants or those acting under their instruction to create documents digitally altered by them.

17. The Unauthorized Plans contained unlicensed copies of Pellis' copyright-protected plans, as well as mistakes, inaccurate information, and new designs and content that had not been generated by or in consultation with Pellis.

18. At no time did any person or entity inform Pellis of this plan to create copies of the Plans, to alter them in any way, nor did any person or entity ask for Pellis' review and input regarding the content and subject matter that the Defendants added to the Unauthorized Plans. No person or entity informed Pellis of the existence and filing of the Unauthorized Plans with the City of Williamsburg.

19. By attaching a licensed architect's seal, signature, and license number on a set of architectural plans, that architect is certifying that it has authored, reviewed, and stands responsible for the content of those plans and the resulting construction may be done in reliance on the architect's efforts and professional judgment.  Drawings and plans sealed by an architect or in some cases by an engineer are requirements for compliance and plan approval for localities in Virginia.  These requirements not only protect the owners of projects like the Brewery Project from poor planning and construction, they also serve a public welfare function by helping to

insure that buildings are built according to code requirements for the safety of occupants and patrons.

20.     Unauthorized and illegal use of an architect's seal, signature, and license number also creates uninsured liability for the architect, as it is beyond the bounds of insurance coverage for any architect or architecture firm.  The Defendants' use of Pellis' seal, signature, and license number has created uninsured liability in an unknown amount for Pellis.

21.     In email correspondence following Pellis' discovery of the Unauthorized Plans, the Defendants admitted to creating and filing the Unauthorized Plans, and they further admitted that they knew that they were without any justification for doing so.  Emails from Mr. Bell stated that the Defendants "should not have created that coversheet."  Mr. Bell also admitted to his personal involvement in and liability for the creation and filing of the Unauthorized Plans: "It was wrong of me to create [the] cover sheet."

22.     Defendant Mr. Bell lied to Mr. Pellis when confronted with the illegality of his acts, and the problems that he had created for Pellis, the Owner, and the Brewery Project by his reckless and willful acts.  Mr. Bell stated that he acted in the face of extreme time pressure, as if to justify his illegal actions.  In fact, there was no time pressure.  Pellis delivered a full set of plans within the scope of his engagement on March 16.  Pellis remained available for revisions had he been asked to make any.  The planning commission meeting to consider the Brewery Project and related plans was held on April 20, more than a month later.  The scheduled and publicly announced meeting of the city council thereafter to consider and approve the project was not held until May 12.

23. By creating the Unauthorized Plans and filing them with the City of Williamsburg, the Defendants illegally created multiple unlicensed and unauthorized copies of Pellis' original works of authorship.

24. By filing the Unauthorized Plans along with the cover sheet that included Mr. Pellis' name, the Pellis firm name, contact information for the Pellis firm, a digital image of Mr. Pellis' signature, an image of the seal of the Pellis firm, and its license number, the Defendants knowingly and willfully misrepresented Pellis' involvement, input, approval, and responsibility for the Unauthorized Plans and all matters and conclusions included in the Unauthorized Plans.

25. The Defendants misappropriated and used without authorization or justification the Pellis credentials, seal, and license number to meet a zoning and permitting requirement by false means, cutting corners on the Brewery Project and exposing Pellis to liability by attaching the Pellis name, license number, and seal to plans that were not authored, reviewed, or approved by Pellis or any other architect or engineer.

26. At no time did Pellis have any contractual relationship with the Defendants, who were engaged as construction contractors by the Owner. Pellis granted no license, permission, or rights to either of the Defendants with respect to the Plans or any other work of authorship related to the Brewery Project.

## Count I

### Copyright Infringement

27. Pellis hereby references and incorporates all of the above paragraphs and allegations into this Count I as if fully set forth herein.

28. Pellis is the owner of copyright in its plans for the Brewery Project (the "Pellis Works"). See Exhibit A, Plans, Exhibit B, registration certificate, and Exhibit C, Pellis client agreement, including copyright terms.

29. Pellis at no time had any agreement or granted any license to the Defendants to make copies of the Pellis Works. By copying the Pellis Works and distributing those copies to plumbing and electrical contractors, other subcontractors, project managers, decorators or designers, building supply providers, the project owner, the City of Williamsburg, the location's landlord, and others related to the Defendants and/or related to the Brewery Project, the Defendants committed 20 or more acts of infringement.

30. Having admitted to his personal actions and involvement with respect to the creation of the Unauthorized Plans, Defendant Mr. Bell is personally liable for this infringement, as is Defendant M.L. Bell, the company.

31. The unauthorized and illegal copying was done willfully by the Defendants, meaning with reckless disregard for, or willful blindness to, Pellis' rights. The Defendants are liable for statutory damages of $150,000.00 per infringing act, under 17 U.S.C. § 504(c)(2).

32. For their willful acts of infringement of the Pellis Works, the Defendants are jointly and severally liable in an amount to be proven at trial, but not less than $3,000,000.00.

## Count II

### Trespass to Chattels

33. Pellis hereby references and incorporates all of the above paragraphs and allegations into this Count II as if fully set forth herein.

34. Pellis' name, signature, seal, and license number are its property. This property has value, as it represents the results of his training, licensure, experience, and is the basis of Pellis' business and the livelihood of Mr. Pellis. This property constitutes the professional name of Pellis and Mr. Pellis, and it is the basis of his professional career. Exclusive control over this property is the basis for its value; trespass by entities and individuals such as ML Bell and Mr. Bell would cause it to be worthless.

35. By their actions, the Defendants illegally seized this property and converted it to their own use, resulting in a trespass and harm to Pellis for the value of this property and the damages suffered by Pellis for the temporary loss of Pellis' valuable property.

36. For their acts of trespass to the property of Pellis, the Defendants are jointly and severally liable in an amount to be proven at trial, but not less than $375,000.00.

### Count III

### Indemnification (Injunctive Relief)

37. Pellis hereby references and incorporates all of the above paragraphs and allegations into this Count III as if fully set forth herein.

38. The Defendants' unauthorized and illegal use of Pellis' seal, signature, and license number in association with the Brewery Project creates an uninsured liability for Pellis. It is impossible to know the extent of that liability, or whether any claims or damages will ever come to pass.

39. In order to protect Pellis from this unknown liability created by the Defendants, it will be necessary for the Defendants to defend, indemnify, and hold Pellis and Mr. Pellis harmless from any and all claims or liability related to the Brewery Project.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. That Michael Pellis Architecture PLC be awarded an amount sufficient to compensate Plaintiff for the willful copyright infringement of the Defendants, by awarding an amount not less than $3,000,000.00, together with an award of attorneys' fees, for which the Defendants shall be jointly and severally liable.

2. That this Court enjoin the Defendants from any further actions, copying, use, or creation of derivative works based on the Pellis Works.

3. That this Court grant Plaintiff an award of damages in an amount of not less than $375,000.00, for which the Defendants shall be jointly and severally liable.

4. That this Court grant injunctive relief to Plaintiff ordering that Defendant (a) defend, indemnify, and hold Pellis and Mr. Pellis harmless from any and all claims or liability related to the Brewery Project, and (b) either include Pellis and Mr. Pellis as an insured party on any and all of the Defendants' own policies of insurance related to the Brewery Project or secure a fully paid policy of insurance from a A-rated carrier to provide comprehensive insurance coverage to Pellis and Mr. Pellis for any and all claims that might be related to the Brewery Project.

5. That Plaintiff be awarded such other and further relief as justice may require.

Respectfully submitted,

MICHAEL PELLIS ARCHITECTURE PLC

By: __/s/ Christopher E. Gatewood_____
Christopher E. Gatewood (VSB No. 45390)
Justin M. Laughter (VSB No. 73129)
THRESHOLD COUNSEL, PC
1905 Huguenot Road, Suite 200
Richmond, Virginia 23235
Telephone No.: (804) 510-0638
E-mail: chris@threshold.cc

*Counsel for Plaintiff*