**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**(Richmond Division)**

MICHAEL PELLIS ARCHITECTURE PLC,    )
      )
      Plaintiff,    )
      )    Civil Action No. 3:22-cv-00470
v.    )
      )
M.L. BELL CONSTRUCTION LLC, et al.    )
      )
      Defendants.    )

## DEFENDANTS M.L. BELL CONSTRUCTION LLC AND MICHAEL F. BELL'S MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS

COME NOW Defendants M.L. Bell Construction LLC and Michael F. Bell (collectively "M.L. Bell"), by counsel, and state as follows for their Memorandum of Law in Support of their Motion to Dismiss.  For the reasons set forth below, the Court should: (a) dismiss the claim for statutory damages under the Copyright Act in Count I; and (b) dismiss Counts II and III in their entirety pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, Fed. R. Civ. P. 12(b)(6).

## INTRODUCTION

On July 1, 2022, Michael Pellis Architecture PLC ("Pellis") filed its Complaint against M.L. Bell alleging three different claims based upon alleged improper use of architectural drawings Pellis prepared in connection with the construction of a brew pub in Williamsburg, Virginia (the "Project").  Pellis served as the original Architect on the Project, and M.L. Bell was and still is the General Contractor. In its role as the Architect, Pellis claims to have prepared several different versions of the architectural drawings and plans and provided them to the Owner of the Project.  Compl. ¶¶10-11. Pellis alleges that M.L. Bell used and altered Pellis' architectural plans, titled as the final permit set, which included Pellis' signature and seal and caused them to be filed

1

with the City of Williamsburg in support of an application for a building permit without Pellis'
permission. *Id*. ¶¶ 12-26. Pellis claims that its architectural plans were copyright-protected and
that it had not provided permission for M.L. Bell to file that version of the architectural plans. *Id*.
¶¶ 14 and 17.

While the chronology of events set forth in the Complaint is not entirely clear, there is no
dispute that Pellis alleges that it discovered the conduct giving rise to this case on May 16, 2022,
when it received a call from the plan review office of the City of Williamsburg. *Id*. at ¶ 14. Pellis
further alleges that he learned through that call that what he contends are "altered architectural
plans" were submitted by M.L. Bell to the plan review office on March 16, 2021. *Id*. While the
Complaint itself is silent regarding Pellis' efforts to obtain copyright protection for the
architectural plans, Exhibit B to the Complaint shows that Pellis submitted an application to the
Copyright Office on June 17, 2022, and that the Registration Decision Date was June 30, 2022.
Accordingly, the Effective Date of Registration is June 17, 2022. *Id*.

Based on these allegations, Pellis advances three different causes of action against M.L.
Bell: (1) Copyright Infringement (Count I); (2) Trespass to Chattels (Count II); and (3)
Indemnification (Injunctive Relief) (Count III). Notably, Count I seeks recovery of statutory
damages under the Copyright Act. *Id*. at ¶ 31 ("The Defendants are liable for statutory damages
of $150,000.00 per infringing act, under 17 U.S.C. § 504(c)(2)."). However, as explained below,
Pellis is not entitled to statutory damages because the alleged infringement occurred prior to the
effective date of its copyright registration. Pellis further failed to plead actionable trespass to
chattel and indemnification claims in Counts II and III of the Complaint.[1] M.L. Bell respectfully

---

[1] As explained below, Count III appears in reality to be an improperly pleaded and unsupported
request for declaratory relief. *See* pp. 14, *infra*.

requests that the Court dismiss the request for statutory damages in Count I of the Complaint and Counts II and III in full, and that leave to amend be denied on grounds that amendment reflects an exercise in futility given the incurable nature of the defects inherent in these claims.

**STANDARD OF REVIEW**

I.     <u>**Motion to Dismiss Under Rule 12(b)(1).**</u>

A motion to dismiss pursuant to Fed. R. Civ. P. 21(b)(1) is the proper procedural vehicle for challenging a plaintiff's standing. *See KCE Properties v. Holy Mackerel, Inc.*, 2017 WL 376151, *1 (E.D. Va. Jan. 25, 2017). If the plaintiff lacks standing, then the Court lacks Article III subject matter jurisdiction to hear her claims. *Virginia Animal Owners Alliance v. Herring*, 543 F. Supp.3d 302 (E.D. Va. 2021). The plaintiff bears the burden of proof to establish jurisdiction. *Id*. (citing *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). As the Fourth Circuit explained in *Williams v. United States*, 50 F.3d 299 (1995), "[i]n ruling on a Rule 12(b)(1) motion, the court may consider exhibits outside the pleadings. *See Mortensen v. First Federal Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir.1977). Indeed, 'the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case.' *Id*." 549 F.3d at 304.

 The ripeness doctrine also addresses the Court's subject matter jurisdiction and "presents a threshold question [ ] of justiciability." *Grano v. Rappahannock Elec. Coop*., 552 F. Supp. 3d 563, 569 (W.D. Va. 2021) (citing *Scoggins v. Lee's Crossing Homeowner's Ass'n*, 718 F.3d 262, 269 (4th Cir. 2013)). The Court must dismiss an action if it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

Where, as here, a defendant moves to dismiss under Rule 12(b)(6) and Rule 12(b)(1), the Court should first address the motion under Rule 12(b)(1). *Constantine v. Rectors & Visitors of*

3

*George Mason Univ.*, 411 F.3d 474, 483 (4th Cir. 2005). If the court determines that the complaint should be dismissed for lack of jurisdiction, it should decline to address whether the plaintiff has stated a claim. *Id*.

## II.      Motion to Dismiss Under Rule 12(b)(6).

To survive a motion under Rule 12(b)(6), the Complaint must advance sufficient "facts to state a claim for relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  "Facial 'plausibility' lies on a spectrum between possibility and probability, and it is established when the court is able to draw a reasonable inference that the defendant may be liable for the conduct alleged." *Barish-Stern Ltd. v. Town of Buchanan, Va.*, 2014 WL 6680692, at *3 (W.D. Va. Nov. 25, 2014).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Jesse v. Wells Fargo Home Mortg.*, 882 F. Supp.2d 877, 879–80 (E.D. Va. 2012) (dismissing FDCPA claim on 12(b)(6) motion where complaint merely "recites the law with the bald assertion that the defendants violated it.").  Rather, the "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  While the Court must accept as true Plaintiff's well-pled factual allegations when assessing a motion to dismiss, such deference is "inapplicable to legal conclusions" contained in the Complaint. *Iqbal*, 556 U.S. at 678.  Similarly, the Court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Markets, Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

On consideration of a Rule 12(b)(6) motion, the Court is generally restricted to the four corners of the Complaint.  With respect to a motion to dismiss pursuant to Rule 12(b)(6), this Court can consider external documents when they "are integral to and explicitly relied on in the

4

complaint, and when the plaintiffs do not challenge the document's authenticity." *Mustafa v. Iancu*, 313 F. Supp.3d 684, 687 (E.D. Va. 2018) (citing *Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015) (quotation marks and brackets omitted)).   It is well-established that "when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995) (Spencer, J.) *accord Zak v. Chelsea Therapeutics Int'l, Ltd.*, 780 F.3d 597, 606–07 (4th Cir. 2015).   The Court in *Gasner* ruled that "when a plaintiff fails to introduce a pertinent document as part of his complaint, the defendant may attach the document to a motion to dismiss the complaint and the Court may consider the same without converting the motion to one for summary judgment." *Id*.   The ruling "encompasse[d] not only documents quoted, relied upon, or incorporated by reference in the complaint, but also official public records pertinent to the plaintiffs' claims." *Id*.[2]

## ARGUMENT

### I.    Count I Fails to State a Plausible Claim for Statutory Damages under the Copyright Act.

M.L. Bell seeks dismissal of Count I pursuant to Fed. R. Civ. P. 12(b)(6) to the extent that Pellis seeks unrecoverable statutory damages.  *See Parham v. HSBC Mortg. Corp.*, 826 F. Supp.2d 906, 913 (E.D. Va. 2011) (evaluating the availability of damages upon Motion to Dismiss); *Keithley for Cooper v. CUNA Mut. Grp.*, No. 4:12CV50, 2012 WL 13024014, at *1 (E.D. Va. Apr.

---

[2] In evaluating the pertinent facts, the Court must ignore allegations in the body of the Complaint that are contradicted by or inconsistent with the documents incorporated by reference. *Fayetteville Inv'rs v. Commercial Builders, Inc.*, 936 F.2d 1462, 1465 (4th Cir. 1991) ("[I]n the event of conflict between the bare allegations of the complaint and any exhibit attached [to the complaint,] … the exhibit prevails."); *accord Thompson v. Badgujar*, 2021 WL 3472130 (D. Md., Aug. 6, 2021) (referenced video of assault trumps inconsistent description of assault in the Complaint).

19, 2012) (same).  Pellis filed and registered its copyright for the allegedly infringed architectural plans *after* the alleged infringement.  Under the Copyright Act, "statutory damages—an alternative to actual damages and profits—are available to a plaintiff in a copyright infringement action only where the plaintiff has registered his or her copyright pursuant to the requirements of the Copyright Act."  *X-It Prod., LLC v. Walter Kidde Portable Equip., Inc.*, 227 F. Supp. 2d 494, 527–28 (E.D. Va. 2002) (referencing 17 U.S.C. § 412).  The plaintiff in a copyright infringement action "is not entitled to recover statutory damages, which include costs and attorneys' fees, for any infringement of plaintiff's copyright that commenced prior to the effective date of copyright registration, regardless of whether the infringement continues after the effective date of copyright registration." *Id*.  Commencement occurs when "the first act of infringement in a series of ongoing infringements occurs." *Phoenix Renovation Corp. v. Rodriguez*, 461 F. Supp. 2d 411, 422 (E.D. Va. 2006), aff'd, 258 F. App'x 526 (4th Cir. 2007) (citations omitted).

Based on the allegations in the Complaint, the alleged infringement of the architectural plans occurred at least as early as March 16, 2022, when Pellis asserts that M.L. Bell submitted the allegedly altered plans to the City of Williamsburg. *See* Compl. at ¶ 14.  However, the effective date of the copyright registration for the plans is June 17, 2022 – more than *three months after* Pellis claims the infringement occurred. *See* Compl. Exhibit B and ¶¶ 14-15.  The law is clear that statutory damages are unavailable to a plaintiff who failed to register its copyright prior to the alleged copyright infringement.  Therefore, Pellis cannot pursue and recover statutory damages against M.L. Bell in Count I of the Complaint.

Pellis may attempt to argue that it is entitled to pursue statutory damages pursuant to 17 U.S.C.A. § 412(2), which permits a plaintiff to seek statutory damages if he makes registration within three months after the first publication of the work. *Id.*  Given the allegations in the

Complaint, first publication must have occurred prior to M.L. Bell's March 16, 2022, infringing submission of the plans to the City of Williamsburg.  Compl. at ¶ 14.  Three months from March 16, 2022 is June 16, 2022, yet the effective date of Pellis' registration is ***June 17***, 2022.  *See* Exhibit B to Compl.  While it is clear that Pellis submitted his copyright application to attempt to lay the foundation for the statutory damages claimed in the Complaint, his application (and therefore the effective date of the copyright) is literally a day late and a dollar short.  As explained by the Sixth Circuit in *Johnson v. Jones*, 149 F.3d 494 (1988), § 412 of the Copyright Act "leaves no room for discretion."  *Id*. at 505; *see also Dorchen/Martin Assoc. Inc. v. Brook of Cheboygan, Inc.*, 2013 WL 140790, *2 (E.D. Mich. Jan. 11, 2013) (same).

Under these facts, Pellis has no cognizable claim for statutory damages, and he cannot cure this defect by amendment.  Accordingly, M.L. Bell respectfully requests that this Court dismiss with prejudice, pursuant to Fed. R. Civ. P. 12(b)(6), Pellis' claim for statutory damages in Count I of its Complaint.

II.   <u>**Pellis Lacks Standing to Assert the Claim for Trespass to Chattels in Count II and also Fails to Allege Sufficient Facts to Support a Plausible Claim.**</u>

A.  ***Virginia Law Governing Trespass to Chattels Claims.***

Trespass to chattels is an ancient though uncommon state law tort claim that generally refers to the damage to physical personal property that falls short of conversion.  *See Vines v. Branch*, 244 Va. 185, 418 S.E.2d 890 (1992) (involving the alleged taking of and damage to the plaintiff's vehicle).  Trespass to chattels occurs when a party "intentionally uses or intermeddles with personal property in the rightful possession of another without authorization." *America Online v. IMS*, 24 F. Supp.2d 548, 550 (E.D.Va.1998) (citing Restatement (Second) of Torts § 217(b)).  If the personal property is impaired as to its "value, condition, or quality, the trespasser

is liable to the possessor of the chattel." *SecureInfo Corp. v. Telos Corp.*, 387 F. Supp. 2d 593, 621 (E.D. Va. 2005) (citing Restatement (Second) of Torts § 218(b)).

Although courts have occasionally found that a trespass to chattels claim can apply in the digital context, courts have determined that the plaintiff must still allege facts to support an allegation that the ***actual materials taken*** were damaged or diminished in value. *Id*. For example, in *SecureInfo,* the Court was asked to decide if factual allegations of trespass to chattels of computer software were sufficient to survive a motion to dismiss. The Court ruled that the plaintiff's allegations that the defendant caused damage by "affecting its exclusive right of possession over its [computer software] and contributing to the loss of actual and potential customers and goodwill, injury to its reputation, and diminution in the value of its confidential information and other proprietary data" was insufficient to state a claim. *Id*. at 621. The Court noted that the plaintiff did not allege that the software ***itself*** had been damaged or allege facts to support a contention that the software ***itself*** was diminished in value. *Id*. ("Since there is no liability for trespassers unless the chattel is impaired as to its value, condition, or quality, the Court grants Defendants' motion to dismiss the common law trespass to chattels claim.").

Similarly, in *OSI Sys., Inc. v. KM-Logix, LL*C, the Court ruled that there was no evidence to support a website-owner's trespass to chattels claim in accessing non-public portions of the website. 2022 WL 2292725, at *3 (E.D. Va. June 24, 2022). The Court stated that:

> [Plaintiff] has no evidence demonstrating that [Defendant] deprived [Plaintiff] of a possessory interest in FARclause.com, took any materials or data therein, or that [Defendant] damaged the website itself. KM-Logix alleges damage to FARclause.com based on OSI allegedly copying features for its own website. Yet, ***merely copying information from a website is insufficient*** to state a claim for trespass to chattels.

*Id.* (referencing *SecureInfo*, 387 F. Supp. 2d at 621) (emphasis added).  Notably, the Court also ruled that the trespass to chattels claim was insufficient because the plaintiff authorized the use of the website.  *Id.*

In contrast, the Court in *Microsoft Corp. v. Does 1-2* ruled that allegations that a defendant exercised control over computer software by "injecting code that fundamentally changed important functions of the software, converted Plaintiff's property, and were unjustly enriched with ill-gotten benefits reaped from the Strontium infrastructure and its victims" was sufficient to maintain a claim of trespass to chattels and conversion. 2017 WL 5163363, at *5 (E.D. Va. Aug. 1, 2017). The critical distinction is that in *Microsoft*, the defendant had tampered with and damaged the chattel itself – the computer software.

### B.  The Named Plaintiff Lacks Standing to Assert the Claim in Count II.

The sole plaintiff in this case is Michael Pellis Architecture PLC – the corporate entity. The professional name, seal, license number and signature allegedly harmed belong to Michael Pellis individually, not to his business. Exhibit A is an enlargement of the seal affixed to the architectural plans at issue.  *See also*, Exhibit A to the Compl.  Plainly, the signature is Mr. Pellis' signature, and the seal has his name.  Public records from the Virginia Department of Professional and Occupational Regulation confirm that the licensee associated with license number 0401017913[3] is Michael A. Pellis, not Michael Pellis Architecture, PLC.  *See* Exhibit B.  Michael Pellis Architecture PLC has its own license, Virginia license number 0413000663.  *See* Exhibit C. Accordingly, Michael Pellis Architecture PLC – the sole plaintiff – lacks standing to assert any claim in Count II of the Complaint. To have standing to sue for damages for tortious injury to

---

[3] The seal includes only the last six digits of the full ten-digit license as per 18 VAC 10-20-760 (F).

property, a plaintiff must have an interest in the property injured.  *Keepe v. Shell Oil Co*., 220 Va. 587, 590, 260 S.E.2d 722, 724 (1979)(shareholder has no standing to sue for injury to corporate property.)  Michael Pellis Architecture PLC – the sole plaintiff – does not own Mr. Pellis name, signature, license or seal and therefore lacks standing to assert any claim in Count II of the Complaint.

Pellis cannot cure the standing defects in Count II by amendment.  Accordingly, M.L. Bell respectfully requests that this Court dismiss Count II of the Complaint with prejudice pursuant to Fed. R. Civ. P. 12(b)(1).

### C. Pellis Fails to Allege Impairment or Damage Sufficient to State a Plausible Trespass to Chattels Claim.

If the Court finds that Pellis has standing to raise the claim set forth in Count II, the Court should nevertheless dismiss the trespass to chattels claim pursuant to Fed. R. Civ. P. 12(b)(6).  As the basis for Count II, Pellis alleges that M.L. Bell "seized" and "converted" Michael Pellis' name, signature, seal, and license number when creating the unauthorized plans.  Compl. ¶¶ 34-35.  However, the rationale in SecureInfo *Corp*. and *OSI Sys., Inc.* demonstrates that merely using or copying intangible personal property cannot support a trespass to chattels claim.  Pellis fails to allege that M.L. Bell altered the physical characteristics of Michael Pellis' signature, seal, etc. or otherwise damaged his property.  Notably, Pellis does not allege that the alteration of the plans is a basis for the trespass to chattels claim.

Pellis further alleges in conclusory fashion that the value of the property is so diminished in value as to be "worthless." Compl. ¶ 34. The Complaint provides no facts from which this Court could reasonably conclude that Mr. Pellis' name, seal, signature, and professional license are now worthless.  *See Woods v. City of Greensboro*, 855 F.3d 639, 647 (4th Cir. 2017) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) ("allegations must

be more than conclusory…[] allegations must be sufficient 'to raise a right to relief above the speculative level,' including sufficient facts to state a claim that is 'plausible on its face.'") (internal citations omitted).  Pellis asserts that the "exclusive control" of its seal, license, etc. is the value of its property and the "temporary loss" caused damage.  *Id*.  However, such argument is inconsistent with Pellis's factual allegations that for one month the unauthorized plans were on file with the City without Pellis even being aware that M.L. Bell filed the plans with the seal, license, etc. *Id*. ¶¶ 12-13.  Pellis does not allege that it was unable to use the seal or license number on other projects during this time.  The Court in *SecureInfo Corp*. further rejected this argument that affecting an "exclusive right to possession" is the value of the property, but rather focused on whether the materials itself were damaged for a trespass to chattels claim. 387 F. Supp. 2d at 621 ("If the chattel is impaired as to its value, condition, or quality, the trespasser is liable to the possessor of the chattel.").  Thus, Pellis' conclusory factual allegations do not support a claim for trespass to chattels.  The Court should dismiss Count II with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## III.     **Pellis's Indemnification Claim/Request for Injunctive Relief is Procedurally and Substantively Improper.**

In Count III Pellis appears to be asking the Court to impose on M.L. Bell a contractual and/or other legally binding obligation to indemnify Pellis in all potential future actions when the parties do not have a contract at all, let alone one that requires M.L. Bell to indemnify Pellis.  While Count III is not captioned as a declaratory judgment action (and does not satisfy the pleading requirements for invoking the Declaratory Judgment Act), Count III seeks improper declaratory relief.  As explained below, the claim in Count III is not ripe for adjudication, and should therefore be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).  Alternatively, Pellis has not alleged facts to

support: (1) injunctive relief as a separate cause of action; or (2) a separate claim for declaratory judgment.

### A.  *Any Claim in Count III is Not Ripe for Adjudication.*

To the extent Pellis is seeking a remedy for future, potential claims, no claim in Count III is ripe for adjudication, and must be dismissed pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction. The doctrine of ripeness is a component of Article III's case or controversy requirement. A case is ripe and "fit for judicial decision when the issues are purely legal and when the action in controversy is final and not dependent on future uncertainties." *Doe v. Va. Dep't of State Police*, 713 F.3d 745, 758 (4th Cir. 2013).  A claim should generally be dismissed for lack of ripeness "if the plaintiff has not yet suffered injury and any future impact remains wholly speculative." *Id*.  Further, where "an injury is contingent upon a decision to be made by a third party that has not yet acted, it is not ripe as the subject of decision in a federal court.  *Id*. (referencing *Franks v. Ross*, 313 F.3d 184, 195 (4th Cir.2002)).

Pellis's own allegations demonstrate that its claim for indemnification/injunctive relief relates to unknown events that may never happen, or if they happen, will happen in the future. While Pellis seeks future indemnification for potentially "uninsured liability" its Complaint admits that "[i]t is impossible to know the extent of that liability*, or whether any claims or damages will ever come to pass.*"  Compl. ¶ 38 (emphasis added).  Since the potential events that Pellis seeks indemnification from have not occurred (and most likely will not occur), Pellis fails to state a claim that is sufficiently ripe for adjudication.  M.L. Bell thus seeks dismissal of Count III pursuant to Fed. R. Civ. P. 12(b)(1).

### B. *Pellis Has Not Alleged Adequate Need for Injunctive Relief as a Remedy.*

In Count III, Pellis requests equitable relief in the form of a mandatory injunction. "Injunctive relief is a remedy and not a cause of action and it is improper to frame a request for an injunction as a separate cause of action." *Bell v. WestRock CP, LLC*, 2018 WL 3493077, at *4 (E.D. Va. July 20, 2018) (citing *Bloch v. Exec. Office of the President*, 164 F. Supp. 3d 841, 862 (E.D. Va. 2016); *see also Blankenship v. Consolidation Coal Co.*, 850 F.3d 630, 640 (4th Cir. 2017) ("Injunctive relief is a remedy, not a cause of action.").  However, even if Pellis is asking for injunctive relief as an alternative or additional remedy in Count III, Pellis has still not alleged sufficient facts to support injunctive relief.

In federal Court, the "jurisdiction of an equity court [i]s limited to cases where there was an inadequate remedy at law." *Hart v. Riverside Hosp., Inc.*, 899 F. Supp. 264, 267 (E.D. Va. 1995) (referencing 1 Pomeroy's Equity Jurisprudence § 132 (5th ed. 1941)).  To provide injunctive relief, the moving party must show "inadequacy of legal remedies and irreparable harm before a permanent injunction will issue." *Id.* (referencing *Beacon Theatres, Inc. v. Westover*, 359 U.S. 500, 506–07, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959)).  The fact of past injury to plaintiff affords her standing to claim damages, but "does nothing to establish a real and immediate threat that she would face similar injury in the future." *Id.* (citing *Adarand Constructors, Inc. v. Pena*, 515 U.S. 200, —, 115 S.Ct. 2097, 2104, 132 L.Ed.2d 158 (1995)).

Pellis has not alleged a threat of ongoing or future harm that cannot be remedied in an action at law for damages.  Rather, at best, Pellis has alleged a ***past*** and completed action of M.L. Bell for which it seeks damages at law.  There are no allegations of ongoing conduct or harm.  In the unlikely event that Pellis becomes liable to a third-party for M.L. Bell's alleged actions, Pellis

can simply sue M.L. Bell at that time. As pleaded in Count III, any sort of injunctive remedy is improper, and therefore Count III must be dismissed entirely.

### C. Pellis Has Not Alleged a Proper Cause of Action in Count III.

Although Pellis titles Count III "Indemnification (Injunctive Relief)" Pellis does not even attempt to allege the elements of either a contractual or equitable indemnification claim. *See Carr v. Home Insurance Co*., 250 Va. 427, 429, 463 S.E.2d 457, 458 (1995); *RML Corp. v. Lincoln Window Prod., Inc*., 67 Va. Cir. 545 (Norfolk 2004). Rather, it appears that Pellis is attempting to seek a declaratory judgment under the guise of indemnification, asking that the Court declare that M.L. Bell's past actions create an "unknown" and "uninsured liability." Compl. ¶¶ 38 -39. Pellis does so without moving under the Declaratory Judgment Act or satisfying its pleading requirements.

As this Court explained in *Wilkerson Francis Investments, LLC v. American Zurich Insurance Co*., 2020 WL 4238429 (E.D. Va. July 23, 2020)(Lauck, J.), to establish Article III standing to bring a declaratory judgment action a plaintiff "must allege sufficient facts to meet three elements: (1) an injury in fact; (2) the injury must be 'fairly traceable to the challenged conduct of the defendant;' and, (3) a favorable judicial decision must be likely to redress the injury." *Id*. at *6 (citations omitted). When this issue is raised on a motion to dismiss, a plaintiff "must 'clearly... allege facts demonstrating each element.'" *Id*. (citations omitted).[4]

Moreover, the Fourth Circuit has identified three elements which guide when a federal court may properly consider a declaratory judgment:

> (1) the complaint alleges an "actual controversy" between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment;" (2) the court

---

[4] In *Wilkerson Francis Investments, LLC v. American Zurich Insurance Co*., the Court analyzed standing to bring a declaratory judgment action on a motion brought pursuant to Fed. R. Civ. P. 12(b)(6).

possesses an independent basis for jurisdiction over the parties (e.g., federal question or diversity jurisdiction); and (3) the court does not abuse its discretion in its exercise of jurisdiction.

*See Volvo Constr. Equip. N. Am., Inc. v. CLM Equip. Co., Inc.*, 386 F.3d 581, 592 (4th Cir. 2004) (citations omitted).  "'[D]eclaratory judgments are designed to declare rights so that parties can conform their conduct to avoid future litigation.'"  *Tapia v. U.S. Bank N.A.*, 718 F. Supp.2d 689, 695 (E.D. Va. 2010) (quoting *The Hipage Co., Inc. v. Access2Go, Inc.*, 589 F. Supp.2d 602, 615 (2008)).  As such, actions for declaratory judgment are "untimely if the questionable conduct has already occurred or damages have already accrued."  *Id*.

As an initial matter, Pellis has not detailed sufficient allegations to state an action for declaratory judgment. As Pellis admits in ¶ 38 of its Complaint, as to the liability it seeks to impose under Count III, ***"[i]t is impossible to know the extent of that liability, or whether any claims or damages will ever come to pass***."  These allegations demonstrate that Count III does not allege an actual controversy between the parties "of sufficient immediacy and reality to warrant issuance of a declaratory judgment."  Moreover, to the extent Pellis is seeking damages and/or a remedy for the alleged "unauthorized and illegal use of Pellis' seal, signature, and license number," Pellis already has those claims – to the extent they are adequately pleaded -- in Counts I and II of the Complaint.  Therefore, any action for a declaratory judgment would be improper as the conduct and resulting claimed damages has already occurred, and there is a remedy available at law.

## CONCLUSION

For the reasons stated herein, Defendants M.L. Bell Construction LLC and Michael F. Bell, by counsel, respectfully request that the Court grant their Motion to Dismiss and (a) dismiss with prejudice the claim for statutory damages under the Copyright Act in Count I, and Count II in its entirety, pursuant to Fed. R. Civ. P. 12(b)(6); and (b) dismiss with prejudice Counts II and  III in

their entirety pursuant to Fed. R. Civ. P. 12(b)(1) or, in the alternative, Fed. R. Civ. P. 12(b)(6).

Defendants also request that the Court award Defendants their costs and expenses incurred, and

grant any further relief the Court deems appropriate.

Respectfully submitted,


   /s/ James Walker
Dana J. Finberg, Esq. (VSB No. 34977)
O'HAGAN MEYER, PLLC
221 Caledonia Street
Sausalito, CA 94965
Tel:    415.578.6902
dfinberg@ohaganmeyer.com

James W. Walker, Esq. (VSB No. 29257)
Katherine M. Rockwell (VSB No. 93733)
O'HAGAN MEYER, PLLC
411 E. Franklin Street, Suite 500
Richmond, Virginia 23219
Tel:    804.403.7100
jwalker@ohaganmeyer.com
krockwell@ohaganmeyer.com
*Attorneys for the Defendants*

16

## CERTIFICATE OF SERVICE

I hereby certify that on the 12th day of August 2022, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF systems which will send a notification of electronic filing (NEF) to all counsel who have appeared in this matter.

    /s/ James Walker
Dana J. Finberg, Esq. (VSB No. 34977)
O'HAGAN MEYER, PLLC
221 Caledonia Street
Sausalito, CA 94965
Tel:    415.578.6902
dfinberg@ohaganmeyer.com

James W. Walker, Esq. (VSB No. 29257)
Katherine M. Rockwell (VSB No. 93733)
O'HAGAN MEYER, PLLC
411 E. Franklin Street, Suite 500
Richmond, Virginia 23219
Tel:    804.403.7100
jwalker@ohaganmeyer.com
krockwell@ohaganmeyer.com
*Attorneys for the Defendants*

# Exhibit A



# Exhibit B

# DPOR License Lookup License Number 0401017913

## License Details

| | |
|---:|:---|
| **Name** | PELLIS, MICHAEL AMERI |
| **License Number** | 0401017913 |
| **License Description** | Architect License |
| **Rank** | Architect |
| **Address** | N CHESTERFLD, VA 23235 |
| **Initial Certification Date** | 2017-09-11 |
| **Expiration Date** | 2023-09-30 |

The data located on this website are not the public records of the Department of Professional and Occupational Regulation (DPOR). All public records are physically located at DPOR's Public Records Section: 9960 Mayland Drive, Suite 400, Richmond, VA 23233. While DPOR works to ensure the accuracy of the data provided online, the data available on these pages are updated routinely but may not be up to date at all times (due to document processing delays, technical maintenance, etc.).

DPOR assumes no liability for any errors, omissions, or inaccuracies in the information provided or for any reliance on data provided online. While DPOR has attempted to ensure that the data contained herein are accurate and reflect the status of its regulants, DPOR makes no warranties, expressed or implied, concerning the accuracy, completeness, reliability, or suitability of this data. If discrepancies or errors are discovered, please inform DPOR so that appropriate action may be taken.

DPOR License Lookup build 1,452 (built 2021-09-14 01:36:33).

# Exhibit C

# DPOR License Lookup License Number 0413000663

## License Details

| | |
|---:|:---|
| **Name** | MICHAEL PELLIS ARCHITECTURE PLC |
| **License Number** | 0413000663 |
| **License Description** | Professional Limited Liability Company |
| **Firm Type** | PLLC - Professional Limited Liability Co |
| **Rank** | Professional Limited Liability Company |
| **Address** | 1905 HUGUENOT RD STE 200, NORTH CHESTERFIELD, VA 23235 |
| **Initial Certification Date** | 2017-09-11 |
| **Expiration Date** | 2019-12-31 |

The data located on this website are not the public records of the Department of Professional and Occupational Regulation (DPOR). All public records are physically located at DPOR's Public Records Section: 9960 Mayland Drive, Suite 400, Richmond, VA 23233. While DPOR works to ensure the accuracy of the data provided online, the data available on these pages are updated routinely but may not be up to date at all times (due to document processing delays, technical maintenance, etc.).

DPOR assumes no liability for any errors, omissions, or inaccuracies in the information provided or for any reliance on data provided online. While DPOR has attempted to ensure that the data contained herein are accurate and reflect the status of its regulants, DPOR makes no warranties, expressed or implied, concerning the accuracy, completeness, reliability, or suitability of this data. If discrepancies or errors are discovered, please inform DPOR so that appropriate action may be taken.

DPOR License Lookup build 1,452 (built 2021-09-14 01:36:33).