IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MICHAEL PELLIS ARCHITECTURE PLC )<br>and MICHAEL A. PELLIS, )<br>    Plaintiffs, )<br>)<br>v. )<br>)<br>M.L. BELL CONSTRUCTION LLC and )<br>and MICHAEL F. BELL )<br>    Defendants ) | Case No.: 3:22-cv-470 |

**FIRST AMENDED COMPLAINT**

Plaintiffs, Michael Pellis Architecture PLC ("Pellis Firm") and Michael A. Pellis ("Mr. Pellis") (the plaintiffs collectively "Plaintiffs") bring this case against defendants M.L. Bell Construction LLC and Michael F. Bell ("Defendants"). Plaintiff states as follows:

**Nature of the Action**

1.  This is an action for copyright infringement, violation of rights to attribution and integrity, trespass to chattels, and for injunctive relief.

**Parties**

2.  The Pellis Firm is a Virginia professional limited liability company with its principal office in Richmond, Virginia, license number 0413000663. Mr. Pellis is its owner and principal, an individual resident of Virginia and a practicing architect with Virginia license number 0401 017913.

3.  Defendant M.L. Bell Construction LLC ("ML Bell") is a Virginia limited liability company with an address of 11029 Richardson Road, Ashland, Virginia 23005.

4.  Defendant Michael F. Bell ("Mr. Bell") is an individual resident of Virginia and of this district.

**Jurisdiction and Venue**

5. This Court has subject matter jurisdiction over Plaintiff's copyright claims pursuant to 17 U.S.C. § 501 et seq. and 28 U.S.C. §§ 1331 and 1338(a).

6. This Court has supplemental jurisdiction over pendent state law claims pursuant to 28 U.S.C. § 1367 in that the state law claim is integrally interrelated with the federal claims and arise from a common nucleus of operative facts, such that the administration of the state law claims with the federal claims furthers the interest of judicial economy.

7. This Court has personal jurisdiction over Defendants because the Defendant ML Bell is a business entity formed in Virginia with its principal place of business in Virginia and in this district, and Defendant Mr. Bell is a resident of Virginia and this district.

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because Defendants reside in this judicial district.

**Facts**

9. In early 2022, the Plaintiffs' client, a Richmond-based brewery, engaged Mr. Pellis and the Pellis Firm to create a set of architectural drawings in order to obtain a permit for a new brewery location and tasting room in Williamsburg, Virginia (the "Brewery Project"). In consultation with its client, the Plaintiffs designed and authored plans for a tasting room, indoor and outdoor seating areas, bar area, walk-in cooler, brewing and production space, merchandise display areas, and new bathrooms.

10. As agreed, the Plaintiffs created the architectural drawings and plans for the Brewery Project (the "Plans") and delivered them to the brewery client, the project's owner ("Owner"). The Plaintiffs created and delivered the Plans to the Owner subject to these written and agreed terms governing the rights and ownership of the Plans.

> License for use of all drawings and specifications created by Architect [defined as Michael Pellis Architecture, PLC] and for use of Architect's contributions to drawings or specifications created by others (collectively the Works) is subject to payment in full to Architect of all amounts in the relevant SSF [Scope, Schedule, and Fee Document(s)] and any applicable change order. License for use of all such drawings and specifications is limited to the Project. Ownership of copyright in all Works remains the property of Architect. The Architect shall, upon completion of the work and payment in full to Architect, furnish the Owner with record drawings of the Project. The license granted by Architect in the drawings and specifications and any SSF does not extend to any project other than the Project, or to any owner or contributor other than the Owner.

11. Between March 12, 2002 and April 5, 2022, the Plaintiffs created and delivered to the Owner several iterations of the Plans, including a set of Plans dated March 16, and culminating with the final permit set, which the Plaintiffs sent to the project client on April 5. The April 5, 2022 version of the Plans should have been filed with the City of Williamsburg ("City") building permit office by or on behalf of the Owner of the Brewery Project.

12. Unknown to the Plaintiffs and without their involvement, permission, or review, the Defendants had already prepared and caused to be filed with the City a set of plans for the Brewery Project that was an altered version (the "Unauthorized Plans") based on illegal copies of the Plans that were dated March 16.

13. The Defendants prepared the Unauthorized Plans by duplicating the Plaintiffs' copyright-protected Plans without license and by making changes to the infringing copies under the Plaintiffs' falsified signature, illegally duplicated seal, logo, name, and title block. The Defendants filed the Unauthorized Plans with the City. Following routine processing by the City, including among its internal offices that include zoning and codes compliance, the plans first became available to the public as of March 18, 2022. March 18, 2022 is the date of first publication of the Plans.

14. The changes made by the Defendants to the Unauthorized Plans included:

      a. On the cover sheet, changing the Pellis Firm's title block to read "Cover Sheet" instead of "Cover Sheet & Code Data"

      b. On the cover sheet, adding "Plumbing Plan" and "Electrical Plan" to the Index of Drawings to indicate the Defendants' addition of these two sets of unauthorized plans to the filing set under the names of Mr. Pellis and the Pellis Firm

      c. Adding incorrect Use Group classifications on the cover sheet

      d. Entering contact information on the cover sheet for themselves, and incorrect contact information on the cover sheet for the Plaintiffs

      e. Adding a copy of the Plans that included the Plaintiffs' title block and contact information, was re-labeled as "Proposed Sanitary and Water Plan," and included input by the Defendants or their subcontractors with such elements as "Plumbing Fixture Schedule," "Sanitary, Waste & Vent Riser Diagram," and "Floor Sanitary Cleanout Detail"

      f. Adding a copy of the Plans that included the Plaintiffs' title block and contact information, was re-labeled as "Electrical Plan" and "Proposed Lighting Plan," and included input by the Defendants or their subcontractors with such elements as "Fixture Legend" and a numbered list of "Electrical Scope"

15. The City plan review office contacted Mr. Pellis on May 16, 2022, with questions about the plans then on file with that office for the Brewery Project. The city's plan reviewer referenced a set of plans dated March 16, 2022 for the Brewery Project and asked Mr. Pellis about an incorrect building use classification in that set of plans. The Plaintiffs did not authorize nor were they consulted about the filing of any set of plans for the Brewery Project on March 16, 2022.

16. Upon review, Mr. Pellis realized that he had never seen the plans as filed with the City by the Defendants (the Unauthorized Plans) before. The Unauthorized Plans were not authored, authorized, reviewed, licensed, or submitted by the Plaintiffs or anyone associated with them. Nevertheless, the Defendants created and filed these Unauthorized Plans with Mr. Pellis' name, the Pellis Firm name and incorrect contact information, Mr. Pellis' unauthorized signature, an image of the seal of Mr. Pellis' stamp and his professional license number, and the Pellis Firm's title block and logo on each page of the Unauthorized Plans.

17. These Unauthorized Plans are illegal copies of the Plans, which copies were created and altered by the Defendants or those acting under their instruction to create documents digitally altered by them.

18. The Unauthorized Plans contained unlicensed copies of the Plaintiffs' copyright-protected plans, as well as mistakes, inaccurate information, and new designs and content that had not been generated by or in consultation with the Plaintiffs.

19. At no time did any person or entity inform the Plaintiffs of this plan to create copies of the Plans or to alter them in any way, nor did any person or entity ask for the Plaintiffs' review and input regarding the content and subject matter that the Defendants added to the Unauthorized Plans. No person or entity informed the Plaintiffs of the existence and filing of the Unauthorized Plans with the City.

20. By attaching a licensed architect's seal, signature, and license number on a set of architectural plans, that architect is certifying that it has authored, reviewed, and stands responsible for the content of those plans and the resulting construction may be done in reliance on the architect's efforts and professional judgment. Drawings and plans sealed by an architect or in some cases by an engineer are requirements for compliance and plan approval for localities

in Virginia. These requirements not only protect the owners of projects like the Brewery Project from poor planning and construction, they also serve a public welfare function by helping to insure that buildings are built according to code requirements for the safety of occupants and patrons.

21. Unauthorized and illegal use of an architect's seal, signature, and license number also creates uninsured liability for the architect, as it is beyond the bounds of insurance coverage for any architect or architecture firm. The Defendants' use of the Plaintiffs' seal, signature, license number, firm name, and title block has created uninsured liability in an unknown amount.

22. In email correspondence following the Plaintiffs' discovery of the Unauthorized Plans, the Defendants admitted to creating and filing the Unauthorized Plans, and they further admitted that they knew that they were without any justification for doing so. Emails from Mr. Bell admitted that the Defendants "should not have created that coversheet." Mr. Bell also admitted to his personal involvement in and liability for the creation and filing of the Unauthorized Plans: "It was wrong of me to create [the] cover sheet."

23. Defendant Mr. Bell lied to Mr. Pellis when confronted with the illegality of his acts, and the problems that he had created for the Plaintiffs, the Owner, and the Brewery Project by his reckless and willful acts. Mr. Bell falsely stated that he acted in the face of extreme time pressure, as if to justify his illegal actions. In fact, there was no time pressure. The Plaintiffs delivered a set of plans only to his client, within the scope of his engagement on March 16. Mr. Pellis remained available for revisions had he been asked to make any. The planning commission meeting to consider the Brewery Project and related plans was held on April 20, more than a month later. The scheduled and publicly announced meeting of the city council thereafter to consider and approve the project was not held until May 12.

24. By creating the Unauthorized Plans and filing them with the City, the Defendants illegally created multiple unlicensed and unauthorized copies of the Plaintiffs' original works of authorship.

25. By filing the Unauthorized Plans along with the cover sheet that included Mr. Pellis' name, the Pellis Firm name, contact information for the Pellis Firm, a digital image of Mr. Pellis' signature, an image of the seal of the Pellis Firm, and Mr. Pellis' license number, the Defendants knowingly and willfully misrepresented Pellis' involvement, input, approval, and responsibility for the Unauthorized Plans and all matters and conclusions included in the Unauthorized Plans.

26. The Defendants misappropriated and used without authorization or justification the Plaintiffs' credentials, seal, and license number to meet a zoning and permitting requirement by false means, cutting corners on the Brewery Project and exposing the Plaintiffs to liability by attaching the Pellis name, license number, and seal to erroneous plans that were not authored, reviewed, or approved by the Plaintiffs or any other architect or engineer.

27. At no time did the Plaintiffs have any contractual relationship with the Defendants, who were engaged as construction contractors by the Owner. The Plaintiffs granted no license, permission, or rights to either of the Defendants with respect to the Plans or any other work of authorship related to the Brewery Project.

## Count I

### Copyright Infringement

28. The Plaintiffs hereby reference and incorporate all of the above paragraphs and allegations into this Count I as if fully set forth herein.

29. The Pellis Firm is the owner of copyright in its plans for the Brewery Project (the "Pellis Works"), and Mr. Pellis is the author and co-claimant with respect to the Pellis Works. See Exhibit A, Plans, Exhibit B, registration certificate, and Exhibit C, Pellis client agreement, including copyright terms.

30. The Plaintiffs at no time had any agreement or granted any license to the Defendants to make copies of the Pellis Works. By copying the Pellis Works and distributing those copies to plumbing and electrical contractors, other subcontractors, project managers, decorators or designers, building supply providers, the project owner, the City, the location's landlord, and others related to the Defendants and/or related to the Brewery Project, the Defendants committed 20 or more acts of infringement.

31. Having admitted to his personal actions and involvement with respect to the creation of the Unauthorized Plans, Defendant Mr. Bell is personally liable for this infringement, as is Defendant M.L. Bell, the company.

32. The unauthorized and illegal copying was done willfully by the Defendants, meaning with reckless disregard for, or willful blindness to, Pellis' rights. The Defendants are liable for statutory damages of $150,000.00 per infringing act, under 17 U.S.C. § 504(c)(2). In the alternative, the Defendants are liable for the Plaintiffs' actual damages, for the Defendants' profits related to their infringement, and for the Plaintiffs' attorneys' fees.

33. For their willful acts of infringement of the Pellis Works, the Defendants are jointly and severally liable in an amount to be proven at trial, but not less than $3,000,000.00 under this Count I.

## Count II

### Infringement of Rights to Attribution and Integrity

34. Mr. Pellis hereby references and incorporates all of the above paragraphs and allegations into this Count II as if fully set forth herein.

35. The Pellis Firm is the owner of copyright in its plans for the Brewery Project (the "Pellis Works"), and Mr. Pellis is the author and co-claimant with respect to the Pellis Works. See Exhibit A, Plans, Exhibit B, registration certificate, and Exhibit C, Pellis client agreement, including copyright terms.

36. By their actions as described herein, the Defendants have infringed the rights of Mr. Pellis to attribution and integrity under 17 U.S.C. § 106A. In particular, by modifying the Pellis Works, the Defendants have used Mr. Pellis' name as the author of a work which he did not create. By adding inaccurate and erroneous information under Mr. Pellis' name and professional seal before filing its modified version of the plans with the City, the Defendants' actions were also prejudicial to Mr. Pellis' reputation.

37. The Plaintiffs at no time had any agreement or granted any license to the Defendants to make copies of the Pellis Works or to use Mr. Pellis' name without his knowledge or involvement. By copying the Pellis Works and distributing those copies to plumbing and electrical contractors, other subcontractors, project managers, decorators or designers, building supply providers, the project owner, the City, the location's landlord, and others related to the Defendants and/or related to the Brewery Project, the Defendants committed 20 or more acts prohibited by 17 U.S.C. § 106A. These violations are independent of the infringement claims stated above in Count I.

38.     Having admitted to his personal actions and involvement with respect to the creation of the Unauthorized Plans, Defendant Mr. Bell is personally liable for this infringement, as is Defendant M.L. Bell, the company.

39.     The actions in violation of 17 U.S.C. § 106A were done willfully by the Defendants, meaning with reckless disregard for, or willful blindness to, Mr. Pellis' rights.  The Defendants are liable for statutory damages of $150,000.00 per infringing act, under 17 U.S.C. § 504(c)(2).  In the alternative, the Defendants are liable for the Plaintiffs' actual damages, for the Defendants' profits related to their actions, and for the Plaintiffs' attorneys' fees.

40.     For their willful violations of Mr. Pellis' rights of attribution and integrity under 17 U.S.C. § 106A, the Defendants are jointly and severally liable in an amount to be proven at trial, but not less than $3,000,000.00 under this Count II.

## Count III

### Trespass to Chattels

41.     The Plaintiffs hereby reference and incorporate all of the above paragraphs and allegations into this Count III as if fully set forth herein.

42.     Their names, signature, seal, license numbers, logo, and title block (collectively "Materials Taken") are the property of the Plaintiffs.  The Materials Taken have value, as they represent the results of advanced degrees, training, licensure, experience, and as they are the basis of the Pellis Firm's work and Mr. Pellis' livelihood.  The Materials Taken constitute the professional name of the Pellis Firm and the personal name and reputation of Mr. Pellis, and they are the basis of Mr. Pellis' professional career.  Exclusive control over the Materials Taken is the

basis for its value; trespass by the Defendants greatly diminishes its value.  Repeated trespass would cause it to be entirely worthless.

43.     By their actions, the Defendants illegally seized the Materials Taken and converted it to their own use, resulting in a trespass and harm for the value of this property and the damages suffered for the temporary loss of the Materials Taken.  The exclusive possessory right of the Materials Taken was diminished by the conversion and unauthorized use of the Defendants.  Apart from the diminished value caused by the mere use of the Materials Taken, the Defendants have further diminished their value by using them in association with erroneous and deficient amendments and additions to the plan documents and drawings.

44.     The Defendants' actions have deprived Mr. Pellis and the Pellis Firm of the full value of the Materials Taken, as they have taken for themselves the benefits of the Materials Taken and thereby deprived Mr. Pellis and the Pellis Firm of their exclusive use.

45.     The Materials Taken have immense value because they are exclusive to Mr. Pellis and the Pellis Firm.  They are not shared or given to others, including the Defendants.  By taking these rights for themselves, the Defendants unjustly enriched themselves.

46.     For these acts, the Defendants are jointly and severally liable in an amount to be proven at trial, but not less than $375,000.00 under this Count III.

## Count IV

### Indemnification (Injunctive Relief)

47.     The Plaintiffs hereby reference and incorporate all of the above paragraphs and allegations into this Count IV as if fully set forth herein.

48.     The Defendants' unauthorized and illegal use of the Materials Taken in association with the Brewery Project creates an uninsured liability for the Plaintiffs. It is impossible to know the extent of that liability, or whether any claims or damages will ever come to pass.

49.     In order to protect the Plaintiffs from this unknown liability created by the Defendants, it will be necessary for the Defendants to defend, indemnify, and hold the Plaintiffs harmless from any and all claims or liability related to the Brewery Project.

50.     Remedies at law are inadequate to compensate the Plaintiffs for this harm created by the Defendants, as the Plaintiffs and the Court are unable to determine the timing or the amount of the ultimate liability created by the Defendants' actions. The balance of hardships also weighs in favor of an injunction requiring the Defendants to defend, indemnify, and hold the Pellis Firm and Mr. Pellis harmless from any and all claims or liability related to the Brewery Project.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

1. That the Plaintiffs be awarded an amount sufficient to compensate Plaintiff for the willful copyright infringement of the Defendants under Count I of this Amended Complaint, by awarding an amount not less than $3,000,000.00 in statutory damages, together with an award of attorneys' fees, for which the Defendants shall be jointly and severally liable. In the alternative, the Plaintiffs are entitled to other measures of damages and to attorneys' fees in an amount to be proven at trial, for which the Defendants shall be jointly and severally liable.

2. That Mr. Pellis be awarded an amount sufficient to compensate Plaintiff for the Defendants' willful violation of Mr. Pellis' rights of attribution and integrity under Count II of this Amended Complaint, by awarding an amount not less than $3,000,000.00 in statutory damages, together with an award of attorneys' fees, for which the Defendants shall be jointly and severally liable.  In the alternative, the Plaintiffs are entitled to other measures of damages and to attorneys' fees in an amount to be proven at trial, for which the Defendants shall be jointly and severally liable.

3. That this Court enjoin the Defendants from any further actions, copying, use, or creation of derivative works based on the Pellis Works.

4. That this Court grant Plaintiffs an award of damages in an amount of not less than $375,000.00 under Count III of this Amended Complaint, for which the Defendants shall be jointly and severally liable.

5. That this Court grant injunctive relief to Plaintiffs ordering that Defendants (a) defend, indemnify, and hold the Pellis Firm and Mr. Pellis harmless from any and all claims or liability related to the Brewery Project, and (b) either include the Pellis Firm and Mr. Pellis as insured parties on any and all of the Defendants' own policies of insurance related to the Brewery Project or secure a fully paid policy of insurance from an A-rated carrier to provide comprehensive insurance coverage to the Pellis Firm and Mr. Pellis for any and all claims that might be related to the Brewery Project.

6. That Plaintiff be awarded such other and further relief as justice may require.

Respectfully submitted,

MICHAEL PELLIS ARCHITECTURE PLC
and MICHAEL PELLIS

By: __/s/ Christopher E. Gatewood_____
Christopher E. Gatewood (VSB No. 45390)
Justin M. Laughter (VSB No. 73129)
THRESHOLD COUNSEL, PC
1905 Huguenot Road, Suite 200
Richmond, Virginia 23235
Telephone No.: (804) 510-0638
E-mail:  chris@threshold.cc

*Counsel for Plaintiff*

### CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing document via CM/ECF.

By: /s/  Christopher E. Gatewood_____
            Christopher E. Gatewood, Esq.