IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| MICHAEL PELLIS ARCHITECTURE PLC ) <br> a Virginia professional limited liability company, ) <br>     Plaintiff, ) <br> ) <br> v. ) <br> ) <br> M.L. BELL CONSTRUCTION LLC and ) <br> and Michael F. Bell, Defendants ) | Case No.: 3:22-cv-470 |

**MEMORANDUM IN OPPOSITION**

**TO DEFENDANTS' PARTIAL MOTION TO DISMISS**

Plaintiffs, Michael Pellis Architecture PLC ("Pellis Firm") and Michael A. Pellis ("Mr. Pellis") (the plaintiffs collectively "Plaintiffs"), by counsel, state the following in opposition to the Defendants' motion to dismiss.

**Introduction**

The Defendants' actions in this matter have been dishonest and illegal in several ways. Applying the law to these bizarre facts creates claims for copyright infringement, infringement of rights to attribution and integrity, illegal appropriation of a professional license and credentials (called "trespass to chattels" under Virginia law), and creates the need for indemnification from some of the commercial impact and uninsured risk that the Defendants have created.

The motion to dismiss asks the Court to do many things that it cannot do, including making multiple determinations of fact. The standards are familiar, but do not seem to be given much weight by the motion before the Court. When ruling on a Rule 12(b)(6) motion to dismiss, the court "must accept as true all of the factual allegations contained in the complaint." Erickson v. Pardus, 551 U.S. 89, 94 (2007). Further, all reasonable inferences must be drawn in favor of the

plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009), and a complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." Coleman v. Md. Ct. of Apps., 626 F.3d 187, 190 (4th Cir. 2010) (internal quotation marks omitted).

The Defendants respond to the First Amended Complaint ("Complaint" or "FAC") by:

Count I   attacking one measure of damages out of several, based on a factual matter not cognizable on a motion to dismiss

Count II   inventing a straw argument outside of the pleadings that is not supported by any facts, statute, or case law

Count III   ignoring the facts alleged in the First Amended Complaint

Count IV   confusing a claim for injunctive relief with one that would require payment of a fixed dollar amount

### I.   The Date of Publication is an Issue of Fact Which Has Been Sufficiently Stated

The date of a work's publication is the date on which it became publicly available. 17 U.S.C. § 101. As alleged in the Complaint that is before the Court, that date was March 18, 2022.

This presents a matter of fact that cannot be decided on a motion to dismiss. All that is required is that the Complaint "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In considering a motion to dismiss, all factual allegations in the Complaint must be accepted as true and inferences from those allegations must be drawn in favor of the plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009). The factual allegations here

are that infringed work was first published on March 18, 2022. That may be disproven by evidence at a later stage of this matter, but this is merely a motion to dismiss.

Section 101 of the Copyright Act defines publication as "the distribution of copies or phonorecords of a work to the public by sale or other transfer of ownership, or by rental, lease, or lending." 17 U.S.C. § 101. It states that "offering to distribute copies or phonorecords to a group of persons for purposes of further distribution, public performance, or public display, constitutes publication." Id. It also explains that "[a] public performance or display of a work does not of itself constitute publication." Id.

As explained in the Complaint, March 16, 2022 cannot be the date of publication. FAC at ¶¶ 12-13. March 16 was the date on which the Defendants violated the law and the rights of the Plaintiffs by filing the Defendants' infringing and unauthorized copies of the Plaintiffs' architectural plans under the Plaintiffs' name and license with the City of Williamsburg. FAC at ¶¶ 13-17. As also alleged in the Complaint, plans filed with that city are not immediately available to the public. FAC at ¶¶ 12-13. Such plans have not, therefore, on the date of their filing, been published. The facts alleged in the Complaint are clear, and they are not subject to factual dispute or to being disproved on a motion to dismiss. March 18, 2022 is the correct date of publication, which date allows for the award of statutory damages for the Defendants' willful infringement.

The Defendants' memorandum discusses the Plaintiffs' request that the Copyright Office correct and amplify the information in the certificate of registration, by means of a supplementary registration. A supplementary registration is used "to correct an error in a copyright registration or to amplify the information given in a registration." 17 U.S.C. § 408(d). The Copyright Office neither agreed nor disagreed with the substance or propriety of the Plaintiffs' request, it simply as a matter of policy declined to issue a new certificate until directed to do so by the Court. The

Plaintiffs' separate motion to the Court will be forthcoming in order to meet that stated requirement of the Copyright Office and correct the certificate.  This is right and proper for the administration of justice and decision of cases on the merits.  Just as the Federal Rules of Civil Procedure allow for amendment of pleadings in a case as a matter of right or discretion, even during and after trial (F.R.C.P. Rule 15(a) and (b)), so too the Copyright Office has a mechanism specifically for the purpose of correcting errors in an initial application and registration.  As stated in F.R.C.P. Rule 15, the courts "should freely give leave when justice so requires" and "should freely permit an amendment when doing so will aid in presenting the merits…" F.R.C.P. Rule 15(a) and (b).

It is true that at this early stage, the facts alleged in the Complaint with respect to the date of publication are inconsistent with the registration certificate.  While regrettable, this can and should be remedied by the Copyright Office during the course of this litigation.  This inconsistency does not allow the Defendants' motion to be granted, for two main reasons.  First, inconsistent pleading is specifically allowed by Rule 8, and second, at the stage of the motion to dismiss, all reasonable inferences must be drawn in favor of the plaintiff.  Fed. R. Civ. P. 8(d); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009).  As alleged in detail in the Complaint, the actual date of publication for the work is March 18, 2022.

## II. Defendants Cannot Re-Categorize the Work They Have Infringed

The Defendants baselessly have suggested that the infringed work is a "technical drawing." While it is true that the statute excludes technical drawings as such from the definition of "visual art" for purposes of a VARA claim, nothing before the Court supports the notion that the infringed work is a technical drawing.  To the contrary, it is an architectural work that is defined by statute and by the Copyright Office to be a work of visual art.

4

A        **Architectural Works and Technical Drawings are Two Different Things**

As a result of the changes in 1990 to the U.S. copyright statutes, technical drawings and architectural works became separate things. Previously, architectural designs were only technical drawings under the statutory category of "pictorial, graphic and sculptural works." 17 U.S.C. § 102(a)(5) (1989). In 1990 with the passage of the Architectural Works Copyright Protection Act ("AWCPA"), copyright protection was extended explicitly to "architectural works" as a distinct category, including "the design of a building as embodied in any tangible medium of expression, including a building, architectural plans, or drawings." 17 U.S.C. § 102(a)(8); 17 U.S.C. § 101. Copyright protection still extends to PGS after the AWCPA was enacted. 17 U.S.C. § 102(a)(5).

The delineation of technical drawings from architectural works is ignored by the Defendants but was an intentional and important part of the statutory changes by Congress in 1990. *See* H.R. Rep. No. 101-735, at 19, submitted herewith as Exhibit A to this memo ("An individual creating an architectural work by depicting that work in plans or drawing[s] will have two separate copyrights, one in the architectural work . . . the other in the plans or drawings.")

B.        **The Infringed Work is an Architectural Work**

The work registered by the Plaintiffs and infringed by the Defendants is an architectural work. Registration Certificate, FAC at its Exhibit B (stating "Architectural work" in two places). It was not registered as a technical drawing, which is a separate classification. *See* Exhibit B to this memo, showing classifications for both "Architectural work" and "Technical Drawing."

C.        **Architectural Works are Works of Visual Art**

Architectural works are works of visual art. As the Defendants' memorandum of law states, a "work of visual art" includes a "drawing … existing in a single copy, in a limited edition of 200 copies or fewer …" 17 U.S.C. § 101. The infringed work is a drawing that was, when

5

delivered by the Plaintiffs, a single copy. It therefore meets the definition of a work of visual art under the statute.

The U.S. Copyright Office agrees that architectural works (again, as distinct from technical drawings) are works of visual art. The Copyright Office defines visual art works to include (i) pictorial, graphic, and sculptural works, and (ii) architectural works. <u>Compendium of U.S. Copyright Office Practices</u>, <u>Third Edition 2021, Chapter 900, Visual Art Works, at 903</u> [1]; *See* 17 U.S.C. § 101.

### D. Classification of a Work is a Question of Fact

In any event, the issue raised by this counter-pleading in the defensive motion is a factual matter that cannot be decided at the stage of a motion to dismiss. "[T]he proper copyright classification of a work is a question of fact." <u>Leicester v. Warner Brothers</u>, 232 F.3d 1212 (9th Cir. 2000); <u>see also</u> <u>Carter v. Helmsley-Spear, Inc.</u>, 71 F.3d 77 (2d Cir. 1995) (finding similarly that the question of whether the subject matter of a dispute was a single work or several separate works was an issue of fact).

## III. The Trespass to Chattels Claim is Sufficiently Stated

The acts of the Defendants are many things, including a type of fraud, a version of forgery, and a violation of the Virginia code regarding licensure of contractors.[2] These claims require theft of money or a direct taking of property from a plaintiff, or they are crimes or regulatory violations that can only be pursued by federal or state agencies. When these same actions are made part of a civil lawsuit, they are an action for trespass to chattel.

---

[1] https://www.copyright.gov/comp3/chap900/ch900-visual-art.pdf
[2] Virginia Code §§ 54.1-1115.3 and -1115.5

6

As the Supreme Court of Virginia has explained: "Where a person has illegally seized the personal property of another and converted it to his own use, the owner may bring an action in trespass …" Vines v. Branch, 244 Va. 185 (1992). "Trespass to chattels" is defined as "[a]n unlawful and serious interference with the possessory rights of another to personal property." *Black's Law Dictionary*, 1503 (6th ed. 1990). "Trespass to chattels survives today ... largely as a little brother of conversion." *Prosser and Keeton on The Law of Torts* § 14 (5th ed. 1984).

Claims for trespass to chattels are commonly recognized for trespass to non-physical property, and to business property. See, eBay, Inc. v. Bidder's Edge, Inc., 100 F.Supp.2d 1058 (N.D.Cal.2000) (holding that site that harvested pricing information was liable to auction site for trespass); Oyster Software Inc. v. Forms Processing Inc., No. C-00-0724 JCS, 2001 WL 1736382 (N.D. Cal. 2001) (declining to dismiss trespass to chattels claim where defendant allegedly copied metatag information); America Online, Inc. v. LCGM, Inc., 46 F.Supp.2d 444 (E.D. Va.1998) (sending unsolicited bulk e-mails was a trespass to chattels); America Online, Inc. v. IMS, 24 F.Supp.2d 548 (E.D. Va.1998) (same); CompuServe, Inc. v. Cyber Promotions, Inc., 962 F. Supp. 1015 (S.D. Ohio 1997) (same); Thrifty-Tel, Inc. v. Bezenek, 54 Cal.Rptr.2d 468, 46 Cal.App.4th 1559 (Cal. Ct. App.1996) (finding trespass to chattels for hacking into telephone provider's equipment).

In cases involving professional practitioners, Virginia courts, the Fourth Circuit, and the Supreme Court have long recognized that a license to practice a profession represents a "significant property interest." Simopoulos v. Va. Bd. of Med., 644 F.2d 321, 333-34 (4th Cir. 1981); see also Schware v. Bd. of Bar Exam'rs of N.M., 353 U.S. 232, 238-39 (1957); Va. Bd. of Med. v. Zackrison, 67 Va.App. 461, 796 S.E.2d 866 (Va. App. 2017). Consider a doctor whose name and license number is used without her knowledge to prescribe medicine. Consider a lawyer whose

7

name and bar number is used without his knowledge to file claims or initiate litigation. The Defendants' brief characterizes a professional's interest in his or her license to practice as merely "ephemeral." Any doctor, nurse, dentist, pharmacist, architect, (other) lawyers, and (other) contractors, as well as the Supreme Court, the Fourth Circuit, and the Supreme Court of Virginia, would disagree.

It is mystifying in light of the pleadings and the precedents that the Defendants argue as a matter of law that there cannot be any cognizable property interest in one's name, signature, or professional license, and that neither plaintiff has standing to allege injury or damage to that property interest. Against the backdrop of all of the trespass to chattels cases cited above, the Defendants choose to cite and discuss at length the SecureInfo Corp. v. Telos Corp. case, 387 F. Supp. 2d 593, 621 (E.D. Va. 2005), where the pleading deficiencies were myriad and unique to that case. This Complaint is not that complaint. In the Complaint that is before the Court, the case for trespass to chattels has been fully stated. FAC at ¶¶ 41-46. All factual aspects that are needed to state the claim are present and are explained at a level of detail that far exceeds the requirements to survive of a motion to dismiss.

### IV.  The Injunctive Claim Does Not Seek a Certain Dollar Amount

Whether intentionally or not, the Defendants' arguments with respect to the claim for injunctive relief speak right past it. Count IV seeks injunctive relief precisely because the Plaintiffs' liability and any eventual monetary costs are unknown and at this point unknowable. FAC at ¶¶ 47-50. The Defendants' response of "but that's unknowable" merely proves the point.

By their dishonest and illegal acts, the Defendants have created an unmeasurable risk for the Plaintiffs. Id. It may come to a massive uninsured and uninsurable exposure for the Plaintiffs.

8

It may come to nothing at all.  By Count IV, Plaintiffs seek neither a windfall nor a wild guess, but an order of the Court awarding non-monetary relief.

Dated: September 28, 2022

        Respectfully submitted,

        MICHAEL PELLIS ARCHITECTURE PLC

        By: __/s/ Christopher E. Gatewood_____
        Christopher E. Gatewood (VSB No. 45390)
        Justin M. Laughter (VSB No. 73129)
        THRESHOLD COUNSEL, PC
        1905 Huguenot Road, Suite 200
        Richmond, Virginia 23235
        Telephone No.: (804) 510-0638
        E-mail:  chris@threshold.cc

        *Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on September __, 2022, I electronically filed the foregoing document with the Clerk of Court using CM/ECF and that service was perfected on all counsel of record and interested parties through this system, which will deliver a true and correct copy of the foregoing document via CM/ECF.

By: /s/_ Christopher E. Gatewood_____

        Christopher E. Gatewood, Esq.